CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
10/13/2017
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GREGORY D. SOBIN, *Plaintiff,* <br><br> v. <br><br> NANCY KAY MCHENRY, ET AL, *Defendant.* | CIVIL NO. 3:17-cv-00067 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

Plaintiff Gregory D. Sobin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings the instant action under 28 U.S.C. § 1332 seeking injunctive relief and damages against defendants Nancy Kay Mchenry and Ryan Charles Mchenry ("Defendants"). Under Federal Rule of Civil Procedure 12(h)(3), this Court finds that it lacks subject-matter jurisdiction and the complaint will accordingly be dismissed without prejudice.

## I. Factual and Procedural Background

Plaintiff brings various claims against Defendants, seeking a partial administration of his deceased father's estate, injunctive relief, and monetary damages. (Compl. at 4, 9). In sum, Plaintiff alleges that Defendants are currently preventing him from receiving his inheritance promised by his father, Mr. Donald W. Sobin. Plaintiff claims that he is entitled to half of the money in both his father's will and living trust. (Compl. at 5–6). Plaintiff further alleges that Defendants are hiding money that is rightly his, as promised by his father, and are preventing him from receiving the money out of retribution. (Compl. at 7). Plaintiff now seeks an accounting of the estate and the production of both his father's will and trust documents. (Compl. at 9–10).

1

Shortly after filing his complaint, Plaintiff wrote a letter to the Court inquiring about "emergency injunctive relief." (Dkt. 8 at 2). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must liberally construe a pleading filed by a *pro se* litigant in an effort to find the "litigants essential grievance." *Sinclair v. Mobile 360, Inc.*, 417 F. App'x 235, 243 (4th Cir. 2011); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, even construing Plaintiff's attempt to seek "emergency injunctive relief" as a motion for a temporary restraining order, the Court cannot reach the merits of the case because it lacks subject-matter jurisdiction.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defect in subject-matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the court by the parties. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.*

## III. Subject-Matter Jurisdiction and the Probate Exception

This Court lacks subject-matter jurisdiction over Plaintiff's claims under the "probate exception" to federal jurisdiction. *Marshall v. Marshall,* 547 U.S. 293 (2006); *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680 (4th Cir. 2015). Subject-matter jurisdiction operates as a limit on judicial authority and courts are obliged to consider *sua sponte* whether subject-matter jurisdiction is proper. *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012); *Butler v. Kosin*, No. CIV.A.

5:07CV00003, 2009 WL 210721, at *1 (W.D. Va. Jan. 28, 2009) (raising the issue of subject-matter jurisdiction *sua sponte* when probate exception was implicated by the facts). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 311–12. "[A]fter *Marshall*, the probate exception is limited to two categories of cases: (1) those that require the court to probate or annul a will or to administer a decedent's estate, and (2) those that require the court to dispose of property in the custody of a state probate court." *Estate of Kirsch*, 777 F.3d at 680–81. The probate exception "applies only if a case actually requires a federal court to perform one of the acts specifically enumerated in *Marshall*: to probate a will, to annul a will, to administer a decedent's estate; or to dispose of property in the custody of a state probate court." *Id.* at 681.

In *Estate of Kirsch*, the Fourth Circuit analyzed the probate exception in addressing the issue of whether a transfer of interest was forbidden under the terms of a trust. *Id.* at 679. The court held that the probate exception did not apply when the district court was only required to interpret the terms of the trust, and "not the terms of [the decedent's] will." *Id*. at 679, 681. The court reasoned through the two categories of cases post-*Marshall* that are subject to the probate exception. First, regarding those cases that require a court to administer a decedent's estate, the Fourth Circuit found that the declaratory judgment requested by the plaintiff would not have required the court to make "a distribution of property out of the assets of [the decedent's] estate." *Id*. at 681. Second, regarding those cases that require the disposal of property in custody of the state, the Fourth Circuit found that the property was held solely in trust, and was not in the custody of or subject to the state probate court. *Id.* at 681.

3

Plaintiff's instant claim falls directly under the first category of post-*Marshall* cases subject to the probate exception. Plaintiff asks this Court to "order the Defendant Nancy Kay Mchenry to provide this Plaintiff with all monies entitled him per the will an [sic] living trust of Mr. Donald W. Sorbin." (Compl. at 9–10). While Plaintiff seeks an accounting of the estate, Plaintiff's clear intention is to have this Court "probate the will" and "administer [the] decedent's estate." *Estate of Kirsch*, 777 F.3d at 680–81. Plaintiff impliedly admits that he does not have copies of the will and trust documents, but rather asks this Court to compel production of the testamentary instruments and subsequently determine the amount he is entitled to receive. (Compl. at 9). This is markedly different from *Estate of Kirsch*, where the court dealt only with a trust and not a will. In this case, the Court would have to obtain the will, determine its terms, and issue an order accordingly to compel payment out of the assets of the estate. The probate exception precludes this Court from exercising jurisdiction to carry out a role clearly reserved for the probate courts.

It is true that the probate exception "does not bar federal courts from adjudicating matters outside [the] confines" of probating a will, administering an estate, or disposing of property in the custody of a state probate court. *Marshall*, 547 U.S. at 311–312. However, Plaintiff's instant case presents no such peripheral matter. Thus, the Court will dismiss Plaintiff's complaint since it lacks subject-matter jurisdiction under the probate exception.

### IV. Conclusion

For the reasons stated above, this Court lacks subject-matter jurisdiction over Plaintiff's case under the probate exception to federal jurisdiction. Therefore, pursuant to Federal Rule of Civil Procedure 12(h)(3), Plaintiff's complaint will be dismissed without prejudice for lack of

subject-matter jurisdiction. Accordingly, Plaintiff's letter requesting a temporary restraining order (dkt. 8) will be denied as moot

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all parties and any counsel of record.

Entered this 13th day of October, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE